RONALD L. ISRAEL
PETER E. NUSSBAUM
WOLFF & SAMSON PC
One Boland Drive
West Orange, New Jersey 07052
Telephone: (973) 530-2045
Facsimile: (973) 530-2245
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY TURNPIKE AUTHORITY,<br><br>              Plaintiff,<br><br>v.<br><br><br>JERSEY BOARDWALK FRANCHISING CO., INC.; JERSEY BOARDWALK PIZZA CORP.; and BOARDWALK PIZZA, INC.<br><br>              Defendants. | Case No.:<br><br><br>**COMPLAINT ALLEGING SERVICE MARK INFRINGEMENT, SERVICE MARK DILUTION, COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**Jury Trial Demanded** |

The Plaintiff, New Jersey Turnpike Authority (hereinafter "Plaintiff"), located at 581 Main Street, Woodbridge, New Jersey 07095, by and through its undersigned attorneys, for its complaint against the defendants, alleges as follows:

### NATURE OF ACTION

1.      This is an action for service mark infringement, service mark dilution, unfair competition and other relief arising under the trademark and service mark laws of the United States, specifically 15 U.S.C. § 1051 *et seq.* (hereinafter "Lanham Act') and the common law of the State of New Jersey.  Defendants have willfully and blatantly misappropriated Plaintiff's registered service mark in an effort to trade upon the fame and

1

goodwill associated with Plaintiff's mark and to attract customers and potential franchisees from the State of New Jersey.

## THE PARTIES

2.     Plaintiff exists under the laws of the State of New Jersey with its principal place of business located at 581 Main Street, Woodbridge, New Jersey 07095.

3.     Upon information and belief, the defendant Jersey Boardwalk Franchising Co., Inc. ("Boardwalk Franchising") is a corporation organized and existing under the laws of the state of Florida with a principal place of business located at 701 South Homestead Blvd., Homestead, FL 33030.

4.     Upon information and belief, the defendant Jersey Boardwalk Pizza Corp. ("Jersey Boardwalk") is a corporation organized and existing under the laws of the state of Florida with a principal place of business located at 20 Highpoint Road, Tavernier, FL 33070.

5.     Upon information and belief, the defendant Boardwalk Pizza, Inc. ("Boardwalk Pizza") is a corporation organized and existing under the laws of the state of Florida with a principal place of business located at 20 Highpoint Road, Tavernier, FL 33070.   Boardwalk Franchising, Jersey Boardwalk and Boardwalk Pizza shall hereinafter be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the trademark and service mark laws of the United States.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 over Plaintiff's claims that arise under the laws of the State of New Jersey.

2

7.       Defendants utilize an interactive website, www.jerseyboardwalkpizza.com, that advertises "authentic Italian food from Jersey" and allows for the purchase of merchandise bearing the infringing marks online.  Screen shots of Defendant Jersey Boardwalk's website as of July 17, 2014 and an example of available merchandise advertising "authentic Italian food from Jersey" are attached hereto at **Tab A**.  Upon information and belief, such merchandise is available for sale nationwide, including to citizens of the State of New Jersey.

8.       Defendants utilize an interactive website, www.boardwalkfranchising.com, to advertise franchising opportunities for Jersey Boardwalk, which franchising opportunities, upon information and belief, are available to citizens of the State of New Jersey.  The website invites potential franchisees to "Take a Walk with us on the Jersey Boardwalk" and states that Defendants are "committed to bringing the New Jersey boardwalk experience to each and every one of our customers."  The website also states "as we expand our franchise company we will be moving up and along the coast to the northeast of the United States. We will be continuing to expand nationally."  Screen shots of Defendant Boardwalk Franchising's website as of July 17, 2014 are attached hereto at **Tab B**.

9.       Upon information and belief, food sold in Defendants' restaurants and franchise locations is made in or derived from the State of New Jersey.  At the very least, Defendants prominently advertise, market and promote this fact, whether or not it is true, on their websites, promotional, marketing and advertising materials and on their merchandise.  Indeed, the tagline "authentic Italian food from Jersey" is featured in large and prominent wording on every single page of Defendants' websites, in most cases, multiple times per page.

10.     Defendants utilize various social media outlets, including Facebook®, to promote their businesses and merchandise by publicizing their ties to the State of New Jersey and to appeal directly to New Jersey consumers.

11.     Defendants have targeted their business to New Jersey citizens by offering products and marketing in a way that appeals directly to New Jersey citizens who are travelling near Defendants' locations or who are interested in opening franchises.

12.     Defendants, in advertising their goods and services, have directed numerous public relations efforts to consumers in the State of New Jersey, including by hosting and participating in events that have either taken place in the State of New Jersey or are directly tied to individuals, towns and organizations within the State of New Jersey.

13.     Defendants have publicized their intention to open franchises and expand their business in the Northeast, including in the State of New Jersey, as well as throughout the country.

14.     Upon information and belief, Defendants' principals, Paul DiMatteo, George Parratt and Lauren Parratt are from the State of New Jersey.

15.     As such, this Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district; (ii) Plaintiff's claims are related to Defendants' contacts with this judicial district; (iii) the Defendants have intentionally interacted with individuals, municipalities and organizations in this judicial district; (iv) the Defendants have purposefully availed themselves of the privilege of conducting activities within the State of New Jersey and in this judicial district; and (v) in light of the foregoing, the exercise of personal jurisdiction over Defendants in this judicial district comports with traditional notions of fair play and substantial justice.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because (i) Plaintiff's claims arise in this judicial district and as a result of Defendant's purposefully availing themselves of the privilege of conducting activities within this judicial district; (ii) Plaintiff does business in this judicial district; (iii) upon information and belief, Defendants conduct business in this judicial district; (iv) witnesses and evidence are located within this judicial district; and (v) the Defendants are subject to this judicial district's personal jurisdiction with respect to this action.

**<u>PLAINTIFF'S GARDEN STATE PARKWAY LOGO</u>**

17.     Plaintiff is the owner of the iconic Garden State Parkway Logo, which mark it has been using in connection with its highway management and maintenance services and travel information services since at least as early as 1956.  Plaintiff's Garden State Parkway Logo is depicted below:



18.     Plaintiff's Garden State Parkway Logo is utilized in connection with Plaintiff's operation of one of the most iconic and well known highways in the United States, the Garden State Parkway.  The Garden State Parkway is travelled by many millions of people each year and Plaintiff's roadway has become one of the most symbolic fixtures within the State of New Jersey.  The Garden State Parkway opened in 1954 and stretches from the New York State line down to the end of the New Jersey Shore.

19.     Plaintiff is the owner of United States Service Mark Registration No. 2,452,349 for its Garden State Parkway Logo in International Class 37 for highway management and maintenance services; and in Class 39 for travel information services.   A printout from the United States Patent & Trademark Office's Online Database of Plaintiff's registration is attached hereto as **Tab C**.   In addition to the provision of its highway related services, Plaintiff is the owner of several pending United States Trademark applications covering various categories of goods.   One of the most well-known aspects of the Garden State Parkway is its service areas, which include restaurants, many of which feature pizza.

20.     Plaintiff has invested a substantial amount of time, money and other resources advertising, promoting, marketing and publicizing its services provided under the Garden State Parkway Logo mark.   As a result of Plaintiff's substantial advertising, marketing and promotional efforts, the Garden State Parkway Logo mark has acquired substantial consumer recognition and goodwill and has achieved the status of being a famous mark.   The Garden State Parkway Logo mark has become an important source indicator which identifies Plaintiff's services to consumers and motorists, both in the State of New Jersey and elsewhere throughout the United States.   For all of the foregoing reasons, the Garden State Parkway Logo mark is an exceedingly valuable asset of Plaintiff.

21.     Over the years, many third parties have attempted to trade off of the fame and notoriety associated with Plaintiff's Garden State Parkway Logo and Plaintiff has actively and successfully policed against infringing third-party uses of its mark.

Plaintiff has obtained nearly universal compliance by those third parties to whom it has raised objections.

## DEFENDANTS' INFRINGEMENT

22.   Subsequent to Plaintiff's substantial use of its Garden State Parkway Logo, and subsequent to Plaintiff's mark acquiring public recognition as identifying and distinguishing Plaintiff's goods and services from those of others, Defendants began using logo marks that blatantly copy and appropriate Plaintiff's Garden State Parkway Logo mark in connection with Defendants' operation of restaurants located in Tavernier, Florida and Florida City, Florida. In addition, Defendants sell merchandise online bearing the first logo mark set forth below and advertise franchising opportunities utilizing the logo marks.  Defendants' logo marks are depicted below:

  

23.   There is no question that Defendants' logos were directly copied and appropriated from Plaintiff's famous Garden State Parkway Logo.  The only change to the logos utilized by Defendants is the replacement of the wording "Garden State" and "Parkway" with the wording "Jersey Boardwalk" (or simply "Boardwalk") and "Pizza Co." (or simply "Pizza") and the addition of the wording "Subs · Cheesesteaks · Pasta" at the bottom of the logos.   All other elements of the respective logos are virtually identical, including the distinctive green and yellow Garden State Parkway logo colors.

Defendants are trading upon the tremendous fame and goodwill associated with Plaintiff's Garden State Parkway Logo, which mark is one of the most iconic symbols in the State of New Jersey and is well known throughout the country.  Side by side comparisons of Plaintiff's Garden State Parkway Logo mark and the Defendant's marks are depicted below:

Plaintiff's Mark                    Defendants' Marks

     

24.    Defendants'  logo appears prominently on Defendants' website and social media pages (such as Facebook®) as well as on merchandise such as t-shirts, hats and cups that are being sold and distributed online and, upon information and belief, being sold and distributed by Defendants at their establishments.

25.    Upon information and belief, Defendants' logos also appear prominently on the exterior and interior signage of Defendants' establishments.

26.    Defendants are also utilizing Plaintiff's *exact* logo on signage inside their establishments, as can be seen in the screenshots from the website www.Yelp.com attached at **Tab D**, making it even more likely that consumers will believe that

Defendants' services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff.

27.    As shown by the above, Defendants' entire marketing plan for their establishments is based upon the above-depicted logo marks.

28.    Defendants' establishments are located in South Florida, a popular tourist destination, particularly with travelers from New Jersey and other states in the Northeast.

29.    Defendants' use of the above-depicted logo marks is so similar to Plaintiff's Garden State Parkway Logo that it is likely to cause confusion, mistake or deception as to the source or origin of Defendants' services.   As a result of Defendants' use of the above-depicted logos, consumers are likely to believe that Defendants' services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff.   In addition, Defendants' use of the above-depicted logo marks serves to dilute the strength of Plaintiff's famous mark.

30.    Plaintiff's Garden State Parkway Logo mark is entitled to a wide scope of protection, and therefore, Petitioner can easily bridge any gap between the services of the respective parties.   Moreover, there are many service areas along the Garden State   Parkway that include restaurants, many of which feature pizza.   As such, consumers who encounter Defendants' marks as used in connection with their restaurant services will mistakenly assume that Defendants' use of the marks is authorized or endorsed by Plaintiff and/or that the food items served at Defendants'

restaurants are associated with or of the same kind and quality as the food served at the restaurants located at the service areas on the Garden State Parkway.

31.     The acts of Defendants complained of hereinabove are unlawful, willful and knowingly performed with the intent and result of injuring Plaintiff.

**PLAINTIFF'S NOTICE TO DEFENDANTS**

32.     In April of 2014, Plaintiff learned that Defendants were using the



infringing         logo mark in connection with their establishments, in advertising franchising opportunities, and on merchandise.   On April 16, 2014, Plaintiff sent Defendants a cease and desist letter, a copy of which is attached hereto at **Tab E**, demanding that they immediately cease and desist from any and all use of the infringing logo marks in connection with their restaurants, merchandise, and franchising efforts.

33.     On or around April 29, 2014, Plaintiff's attorney received a letter from JoyAnn Kenny, an attorney with offices in Red Bank, New Jersey, on behalf of Defendants, a copy of which is attached hereto at **Tab F**.   This letter denied the allegations set forth in Plaintiff's cease and desist letter and brought Defendants'



mark, which is the subject of Federal Trademark Registration No. 4,056,183, to Plaintiff's attention for the first time.

34.     After Defendants were initially contacted by Plaintiff, on or around April 30, 2014, Defendant Boardwalk Franchising filed Service Mark Application Serial No.

10

86/268,185 for the mark                , thus doing so willfully and with full knowledge of

Plaintiff's prior use and registration of, and rights in and to, its Garden State Parkway

Logo trademark and service mark.

   35. On May 15, 2014, at this time unaware of Defendants' new Application,

Plaintiff's attorney wrote back to Ms. Kenny setting forth Plaintiff's position that

Defendants' logos were clearly appropriated from Plaintiff's famous Garden State

Parkway Logo; that the respective marks are without question confusingly similar; that

Plaintiff's famous mark is entitled to a wide scope of service mark protection; that there

are many service areas along the Garden State Parkway that include restaurants,

many of which feature pizza; and demanding that Defendants discontinue all use of

the infringing marks and that Defendants surrender their registration.   Plaintiff's

counsel pointed out to Ms. Kenny that Plaintiff continuously and successfully polices

its trademark rights against infringing third party uses that it becomes aware of.   A

copy of this letter is attached hereto at **Tab G**.

   36. Neither Defendants nor Defendants' counsel responded in any way to

the May 15, 2014 letter.

   37. Defendants have failed to comply with the demands set forth in Plaintiff's

aforementioned letters, and continue to utilize the infringing logo marks in connection

with their merchandise and services, thereby leaving Plaintiff with no other choice but

to commence the present lawsuit and to simultaneously file a Petition to Cancel

Registration No. 4,056,183 before the Trademark Trial and Appeal Board.   Plaintiff will

also file a Notice of Opposition if and when Application Serial No. 86/268,185 is published by the United States Patent and Trademark Office.

## COUNT I

### SERVICE MARK INFRINGEMENT

38.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-37 of the Complaint as though fully set forth herein.

39.     Defendants, through their conduct described above, are providing in interstate commerce products and services under marks that are colorable imitations of Plaintiff's registered Garden State Parkway Logo, which are likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 32(1) (15 U.S.C. § 1114(1)).

40.     Defendants have committed such acts of infringement willfully and with full knowledge of Plaintiff's prior use and registration of, and rights in and to, its Garden State Parkway Logo trademark and service mark.

41.     As a result of Defendants' acts of infringement, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION UNDER SECTION 43(a)
### OF THE LANHAM ACT

42.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-41 of the Complaint as though fully set forth herein.

43.     Defendants, through their conduct as described above, are providing goods and services under colorable imitations of Plaintiff's protectable Garden State

Parkway mark, which are likely to cause confusion or mistake and/or to deceive in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

44.     Defendants have committed such acts of false designation of origin and false description and representation willfully and with full knowledge of Plaintiff's prior use of, and rights in, its Garden State Parkway mark.

45.     As a result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT III

### FEDERAL SERVICE MARK DILUTION

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-45 of the complaint as though fully set forth herein.

47.     As a result of Plaintiff's long-term, continuous, and extensive use and promotion of its Garden State Parkway Logo mark since 1956, the Garden State Parkway Logo mark is, and was prior to Defendants' misconduct alleged herein, distinctive and famous in New Jersey and the United States, enjoying substantial recognition, goodwill and association with Plaintiff.  The public distinguishes Plaintiff's goods and services from those of others on the basis of the Garden State Parkway Logo, which mark has gained strong public recognition and is eligible for protection against dilution pursuant to 15 U.S.C. § 1125(c).

48.     Defendants' use of the infringing logo marks as alleged herein is likely to dilute, and has diluted, the strength and value of the Garden State Parkway Logo mark, and Defendants' conduct has eroded and will continue to erode the extent to

which the Garden State Parkway Logo mark is associated with Plaintiff, all to the commercial detriment of Plaintiff.

49.     Defendants' use of the infringing logo marks in the unfair and wrongful manner alleged herein is likely to tarnish and/or otherwise degrade, and has tarnished and otherwise degraded, the value of the Garden State Parkway Logo mark, to the commercial detriment of Plaintiff.

50.     Defendants' dilution of the distinctive quality of the Garden State Parkway Logo mark has caused, and if not enjoined will continue to cause, irreparable harm to Plaintiff.  Plaintiff therefore is entitled to injunctive relief.

51.     Defendants' aforesaid wrongful conduct has been willful, wanton and malicious and done with intent. Plaintiff is therefore entitled to an award of its reasonable attorney's fees and costs, and treble its actual damages, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).  Plaintiff is also entitled to, among other things, the cost of corrective advertising.

## COUNT IV

### COMMON LAW SERVICE MARK INFRINGEMENT
### AND UNFAIR COMPETITION

52.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-51 of the Complaint as though fully set forth herein.

53.     Defendants' aforesaid acts constitute infringement of Plaintiff's rights in its common law Garden State Parkway Logo mark and tend to falsely describe or represent that Defendants' services are provided by, or sponsored by, or approved by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff

and are of the same character, nature and quality as the goods and services of Plaintiff, thereby damaging Plaintiff and Plaintiff's reputation.

54.     The acts of Defendants complained of hereinabove constitute acts of unfair competition against Plaintiff under the common law of the State of New Jersey, which acts have been committed knowingly and willfully and have injured Plaintiff in its trade and business.

55.     By reason of the aforesaid acts, Defendants have caused damage to Plaintiff and to the goodwill associated with Plaintiff's mark.

## COUNT V

### UNFAIR COMPETITION UNDER N.J.S.A. § 56:4-1

56.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1-55 of the Complaint as though fully set forth herein.

57.     Defendants' unauthorized use of the infringing logo marks (as depicted above) falsely indicates that Defendants are connected with, sponsored, endorsed, authorized, approved by or affiliated with Plaintiff, which they are not.

58.     Defendants' unauthorized use of the infringing logo marks (as depicted above) is likely to cause confusion, mistake or deception as to the source or affiliation of Defendants' goods and services.

59.     Defendants' unauthorized use of the infringing logo marks (as depicted above) in connection with Defendants' goods and services allows Defendants to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor and expense.

60.     The acts of Defendants complained of herein constitute unfair competition in violation of the New Jersey Unfair Competition Statute (N.J.S.A. § 56: 4-1) and the common law of the State of New Jersey.

61.     The acts of Defendants complained of herein were committed willfully.

62.     As a result of Defendants' actions, Defendants are being unjustly enriched and Plaintiff has been harmed in an amount to be determined at trial and will continue to be harmed and will suffer irreparable injury unless Defendants are enjoined from the foregoing actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants as follows:

1.     That Defendants, and their officers, agents, servants, distributors, affiliates, employees, attorneys, agents and representatives and all those in privity or acting in concert with the Defendants, and each of them, be permanently enjoined and restrained from, directly or indirectly:

(a)     Using the infringing logo marks (as depicted above) or any other marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks in connection with the provision of their goods and services;

(b)     Using in any other way any other marks or designations so similar to Plaintiff's aforesaid Garden State Parkway Logo mark as to be likely to cause confusion, mistake or deception;

(c)     Falsely designating the origin, sponsorship, or affiliation of the Defendants' goods and services in any manner;

(d)     Otherwise competing unfairly with Plaintiff in any manner;

(e)     Using any words, names, styles, designs, titles, designations, or marks which create a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith;

(f)     Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto;

(g)     Using any words, names, styles, designs, titles or marks that create a likelihood of dilution of Plaintiff's Garden State Parkway Logo mark and the goodwill associated therewith; and

(h)     Continuing to perform in any manner whatsoever any of the acts complained of in this complaint.

2.     That Defendants be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein and that such damages be trebled pursuant to 15 U.S.C. § 1117 because of the willful and unlawful acts as alleged herein.

3.     That Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages derived by them from the unlawful activities alleged herein.

4.     That Defendants be required to deliver for destruction all merchandise, stationary, signs, advertisements, promotional flyers, cards, brochures, menus, promotional materials and any other materials which bear one or more of the infringing logo marks (as depicted above) together with all plates, molds, matrices and other means and materials for making or reproducing the same.

17

     5.     That Defendants be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorneys fees and the costs of this action.

     6.     That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

                        WOLFF & SAMSON PC
                        One Boland Drive
                        West Orange, New Jersey 07052
                        Telephone: (973) 325-1500
                        Facsimile: (973) 325-1501
                        Attorneys for Plaintiff

                    By:    *s/ Ronald L. Israel*
                              RONALD L. ISRAEL

Dated:  July 21, 2014
        West Orange, New Jersey

## JURY DEMAND

Plaintiff demands trial by jury of all claims and defenses in this action so triable.

WOLFF & SAMSON PC
Attorneys for Plaintiff
New Jersey Turnpike Authority


By:     *s/ Ronald L. Israel*
        RONALD L. ISRAEL

Dated:  July 21, 2014


## LOCAL RULE 11.2 CERTIFICATION

The matter in controversy is not the subject of any other action pending in any other court or any pending arbitration or administrative proceeding.

WOLFF & SAMSON PC
Attorneys for Plaintiff
New Jersey Turnpike Authority


By:     *s/ Ronald L. Israel*
        RONALD L. ISRAEL

Dated:  July 21, 2014